HOOD, Judge
(dissenting).
I am unable to agree with the conclusions reached by the majority because I feel that the plaintiff, Mrs. Granger, is barred from recovery by her own contributory negligence.
The evidence shows that she lived about one mile north of the place where the accident occurred. She was thoroughly familiar with the fact that the highway running south from her home to the City of Ville Platte was being repaired, and that because of these repairs there were several “bumps” on this six-mile stretch of highway. She knew that the bumps were of such a nature that it was necessary for a motorist to slow down in order to safely travel over them. She testified that just a few hours before the accident occurred she traveled over the same highway and that on that trip it had been necessary for her to slow down for these bumps.
In spite of the fact that she was well aware of the condition of the highway, she drove her car along that stretch of road at a rate of speed which obviously was too fast for safety, while she was almost totally blinded by dust which was being stirred up by a car which she was following. The evidence shows, without contradiction and beyond any question I think, that her maximum range of visibility was from 10 to 20 feet ahead of her as she drove at this fast 'rate of speed. She testified that she “had been traveling in the dust,” that she wouldn’t know if there was more dust “over that hump” than there had been all along the way, and that when the accident occurred her visibility was so poor because of the dust that she was unable to tell whether her car “had gone into the ditch or what had happened.”
It seems clear to me that Mrs. Granger was negligent in driving at an excessive rate of speed under the circumstances, and that her negligence at least was a proximate and contributing cause of the accident barring her from recovery.
• For these reasons, I respectfully dissent.